GEORGE QUIRK V. STATE.

No. 24758. May 10. 1950.

*Chas. H. Dean,* Plainview, for appellant.

*Enos T. Jones,* County Attorney, Floydada, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the unlawful sale of intoxicating liquor in a dry area and fined $150.00 and given six months in jail; and also on the same information, he was convicted of the unlawful transportation of intoxicating liquor in such area and fined the sum of $150.00 and given a six-months' jail sentence.

The testimony shows that on October 15, 1949, Bill Money, an inspector for the Texas Liquor Control Board, was in Floydada in Floyd County. He went to a taxi stand and contacted appellant. In their conversation he told appellant that he wanted to get another pint of whisky. Appellant told Money that he was out right at that time but there would be a load in within a few minutes, if he would come back. The inspector left but returned and waited at the stand. After awhile appellant came up in a taxi, went over to a new Plymouth car, and began to put some number plates thereon. The inspector told appellant that he wanted some whisky, and he and another man then got into the car. Appellant drove west about two blocks and turned, and then reached in his shirt and got a pint of whisky for which the inspector paid him $5.00. This transaction occurred on a public street in Floydada.

This is all the testimony save proof that Floyd County was a dry area as shown by the election and orders of the commissioners' court.

Bills Nos. 1 and 2 are based upon the same proposition: that is, that when the liquor board employee was placed on the stand, he was asked "for what purpose" he came to Floyd County. His answer was that the sheriff of that county had asked him to try to catch some bootleggers. Bill No. 2 is also directed to a statement made by the county attorney upon the objection of appellant's attorney that "it is our intention to try to bear that out." In view of the evidence, we do not see how either of these statements could harm anyone. According to the testimony, with no denial thereof, it looks like the inspector caught a bootlegger, and the state's intention relative to such is borne out.

One further bill of exception relates to the conversation allegedly had with appellant wherein the inspector testified that he told appellant that he wanted to get "another pint of whisky." It is insisted that such a statement is an effort to show another and different offense than the ones herein complained of. While it may be true that such statement could be taken as an inference that the witness had purchased a further pint of whisky from appellant, still we think such statement was part of the res gestae of this transaction, and as such it would be admissible.

Finding no error in the record, the judgment will be affirmed.